IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:18-CR-184-FL
NO. 7:23-CV-487-FL

| | | |
|---|---|---|
| JAMES CARNELL BRINSON, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 374) and respondent's motion to dismiss (DE 384). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59(b), United States Magistrate Judge Robert B. Jones, Jr. entered a memorandum and recommendation, wherein it is recommended that petitioner's motion be denied, and the government's granted (the "M&R") (DE 391). Petitioner filed objections to the M&R. The issues raised are ripe for ruling. For the following reasons, the court adopts the M&R, grants respondent's motion, and dismisses petitioner's § 2255 motion.

## BACKGROUND

The court incorporates herein the facts and background as more particularly set forth in the M&R:

> A grand jury sitting in the Eastern District of North Carolina charged Brinson in a nine count superseding indictment with participating in a drug conspiracy to distribute, as well as the distribution of, methamphetamine and heroin and with possession of a firearm in furtherance of drug trafficking. (DE 215). Brinson, with the assistance of court-appointed counsel, pleaded not guilty, and a jury trial was

scheduled for November 16, 2020. (DE 221). One week prior to trial, Brinson filed a *pro se* motion to appoint new counsel. (DE 226). At a hearing on the motion, Brinson indicated that there was a lack of communication with counsel and a disagreement over trial tactics, but upon questioning from the court, defense counsel explained that Brinson intended to testify untruthfully, and the lack of communication was a result of counsel informing Brinson that he could not suborn perjury at trial. (DE 237) at 3–4. The [Magistrate Judge] denied the motion. *Id.* at 4-6. Brinson proceeded to trial and was convicted on all counts with the exception of one count of possession of a firearm in furtherance of a drug trafficking crime, and he was sentenced to 420 months' imprisonment and five years' supervised release. (DE 298). The Court of Appeals affirmed Brinson's conviction and sentence. United States v. Brinson, No. 21-4135, 2022 WL 1114369, at *3 (4th Cir. Apr. 14, 2022). Brinson timely filed the instant § 2255 petition, (DE 374), and the Government then moved to dismiss Brinson's petition, (DE 384).

(M&R (DE 391) 1–2).

On March 27, 2023, petitioner filed his first motion to vacate, set aside, or correct sentence, pursuant to § 2255, asserting that his right to counsel had been denied on two grounds. (See generally Mot. Vacate (DE 374)). The government moved to dismiss July 13, 2023. (Mot. Dismiss (DE 384)). Petitioner responded in opposition (Resp. Opp'n (DE 387)), the Magistrate Judge issued the M&R March 25, 2024, and petitioner filed objections thereto April 17, 2024 (Objs. (DE 393)).

**COURT'S DISCUSSION**

A. Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d

198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.   Analysis

Petitioner raises two objections to the M&R. The court disagrees with each, and determines that the M&R should be adopted, and petitioner's motion denied.

Petitioner presents overlapping ineffective assistance of counsel claims, so the court briefly examines the applicable legal standards.

The Sixth Amendment to the United States Constitution requires that a criminal defendant's counsel provide adequate legal assistance. Strickland v. Washington, 466 U.S. 668, 686 (1984). Strickland establishes a two-element test for ineffective assistance of counsel claims under the Sixth Amendment: a claimant must establish that 1) his or her attorney's performance fell below an objective standard of reasonableness; and 2) such performance prejudiced the claimant. Strickland, 466 U.S. at 688–93.

United States v. Cronic, 466 U.S. 648 (1984), upon which one of petitioner's claims depends, establishes a narrow exception to Strickland's two-element test. Under Cronic, no showing of prejudice is required under three narrow circumstances: 1) the complete denial of counsel; 2) if counsel "entirely fails" to subject the prosecution's case to "meaningful adversarial testing"; or 3) if circumstances are present under which even a fully competent lawyer could not provide effective assistance. Id. at 659; Glover v. Miro, 262 F.3d 268, 275 (4th Cir. 2001). Absent at least one of these circumstances, a showing of prejudice remains required. Miro, 262 F.3d at 275. And even if the Cronic standard is met, a defendant must still show deficient performance

3

under Strickland's first prong. See United States v. Ragin, 820 F.3d 609, 617–19 (4th Cir. 2016) (noting the two Strickland elements, and discussing how Cronic affects only the second).

The court turns to petitioner's objections with this framework in mind.

1. Objection One: Failure to Allege Intent to Testify

Petitioner first objects to the M&R's conclusion that his trial counsel did not prejudice him by denying him the right to testify at his trial, because he did not set out how his counsel stopped him from doing so, or what his testimony would have been.

The court agrees with the M&R that petitioner never alleges that his counsel told him he could not testify truthfully. Instead, petitioner's counsel merely told him he could not present perjured testimony, but the right to testify "does not extend to testifying falsely." See Nix v. Whiteside, 475 U.S. 157, 173 (1986) (emphasis in original). Petitioner does not argue that his counsel prevented or even discouraged him from exercising his right to testify truthfully, and so fails to satisfy the Strickland test.

In addition and in the alternative, petitioner does not meet the second Strickland prong because he has not demonstrated how his testimony would have affected the trial. See Gregory v. United States, 109 F. Supp. 2d 441, 448 (E.D. Va. 2000); see also Foster v. Delo, 39 F.3d 873, 877 (8th Cir. 1994).

Thus for either or both of these reasons, petitioner has failed to demonstrate that his trial counsel rendered ineffective assistance through interference with the right to testify.

2. Objection Two: Cronic and Constructive Denial of Counsel

Next, defendant objects to the Magistrate Judge's alleged recharacterization of his claims as presented under Strickland, not Cronic.

4

As noted above, Cronic permits a defendant to bypass the second Strickland element in specific, narrow circumstances. See Miro, 262 F.3d at 275. But Cronic does not relieve a defendant of showing the first Strickland element of deficient performance. See Ragin, 820 F.3d at 617–19; see also Lewis v. Zatecky, 993 F.3d 994, 1003 (7th Cir. 2021).

The first and third sets of circumstances identified in Cronic are plainly inapplicable here: petitioner was not entirely denied counsel, nor were the circumstances such that no lawyer, even a fully competent one, could have rendered adequate assistance. See Miro, 262 F.3d at 275. Instead, petitioner repeatedly uses the phrase "constructive denial" which implicates the second prong: when counsel entirely fails to subject the prosecution's case to meaningful adversarial testing. See Cronic, 466 U.S. at 659; Miro, 262 F.3d at 275.

Petitioner fails to allege or argue that his trial counsel failed to subject the prosecution's case to any adversarial testing; indeed, petitioner was acquitted on one count.

The court will nevertheless assume without deciding that counsel's actions here met this standard. But even with this assumption in operation, petitioner is not entitled to relief. As noted, even under Cronic a defendant must demonstrate that counsel performed deficiently. See Ragin, 820 F.3d at 617–19. But the actions to which petitioner points, his counsel's ex parte and in camera discussion with the Magistrate Judge, are exactly those approved in Nix as appropriate under the circumstances, and as not deficient under Strickland. See Nix, 475 U.S. at 171, 175. Thus, petitioner is not entitled to relief under his second claim, even if Cronic were applicable.

Nor do the cases petitioner cites in his motion point to the contrary. In United States v. Shaffer Equip. Co., 11 F.3d 450, 459 (4th Cir. 1993), the attorney had only bare suspicions that certain statements were not truthful, id., in contrast to this case, in which the Fourth Circuit concluded on direct appeal that petitioner wished to commit perjury. See United States v. Brinson,

5

No. 21-4135, 2022 WL 1114369, at *1 (4th Cir. Apr. 14, 2022). Hoke v. Netherland, 92 F.3d 1350, 1360 (4th Cir. 1996) is similar.

The court adopts the M&R holdings to which petitioner objects. The court has examined the rest of the M&R, to which petitioner does not object, for clear error in light of the underlying record and briefing. See Diamond, 416 F.3d at 315. Finding none, the court also adopts the remainder of the M&R.

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, petitioner's motion to vacate, set aside, or correct sentence (DE 374) is DISMISSED, and respondent's motion to dismiss (DE 384) is GRANTED. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 20th day of May, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge